UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLIE E. BROOKS,

    Plaintiff,

 vs.

P.T. SMITH, Associate Warden; and
R. K. BELL, Facility Captain,

    Defendants.
_____/

No. C 09-0775 PJH (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

  Plaintiff, a prisoner at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis. Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. *See* 28 U.S.C. § 1391(b).

**DISCUSSION**

**A. Standard of Review**

  Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff contends that defendant Bell lifted a lockdown for prisoners in certain other housing units because they had jobs, but left the housing units occupied by prisoners without jobs locked down.  He also asserts that African Americans and whites are still locked down, whereas Hispanics have had the lockdown lifted.  He also contends that the exercise permitted to those in his housing unit, two hours a week, is insufficient.

It is not possible to ascertain the exact nature of plaintiff's claim.  For one thing, he contends that some units were locked down, but also seems to say that they were allowed yard time.  For another, he says that his main complaint is that inmates without jobs were treated differently than inmates with jobs, making it unclear whether he also is trying to claim some sort of race or ethnicity discrimination.  And he also leaves unclear whether the

2

housing units that were locked down because the inmates housed there did not have jobs also were racially or ethnically segregated, an important point if he is claiming racial discrimination.  Finally, he provides no facts regarding defendant Smith's involvement in the alleged violations of his rights.

The complaint will be dismissed with leave to amend.  Plaintiff should note that he cannot raise claims on behalf of others.  *See Powers v. Ohio*, 499 U.S. 400, 410 (1991), (plaintiffs ordinarily do not have standing to assert constitutional rights of others).  That is, he must allege what was done to *him* that he contends violated his constitutional rights – for instance, he must say whether he was one of the prisoners who was locked down because he did not have a job; if he is claiming to have been the victim of racial discrimination, he must state his race, as well as what was done to him; if he is claiming insufficient exercise, he must say how much exercise he, personally, was allowed.

## CONCLUSION

1. For the foregoing reasons, the case is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order.  The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  October 23, 2009.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.09\BROOKS0775.DWLTA.wpd

3