UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLIE E. BROOKS,

        Plaintiff,                     No. C 09-0775 PJH (PR)

  vs.                                  **ORDER OF SERVICE**

P.T. SMITH, Associate Warden; and
R. K. BELL, Facility Captain,

        Defendants.
_____/

    This is a civil rights case filed pro se by a state prisoner. In the initial review order, the complaint was dismissed with leave to amend because plaintiff had made no factual allegations regarding defendant Smith and because his contentions regarding an unequal lifting of a prison lock-down were unclear.

    In the amended complaint plaintiff alleges that he is on lockdown because he does not have a job, and that he does not have a job because they are reserved for members of other races. He also alleges that he is being denied various other privileges because he is black. He asserts that the policy that puts him in this position was prescribed by defendants. His allegations are sufficient to state a claim against the defendants.

**CONCLUSION**

    1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint with attachments and copies of this order on the following defendants: P.T. Smith, Associate Warden; and R. K. Bell, Facility Captain. Plaintiff says that they can be found at Pelican Bay State Prison in Crescent City, California.

///

2. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

    c. If defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is served upon them.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

3. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the

1  parties may conduct discovery.

2       5. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
3  informed of any change of address by filing a separate paper with the clerk headed "Notice
4  of Change of Address."  He also must comply with the court's orders in a timely fashion.
5  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
6  Federal Rule of Civil Procedure 41(b).

7     **IT IS SO ORDERED.**

8  Dated:  April 13, 2010.

                                 PHYLLIS J. HAMILTON
9                                   United States District Judge

28  P:\PRO-SE\PJH\CR.09\BROOKS0775.SRV.wpd

United States District Court
For the Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.