UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CHARLIE E. BROOKS,

    Plaintiff,

vs.

P.T. SMITH, Associate Warden; and
R. K. BELL, Facility Captain,

    Defendants.
                                   /

No. C 09-0775 PJH (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND STAYING DISCOVERY**

    This is a civil rights case filed pro se by a state prisoner. The complaint was dismissed with leave to amend because plaintiff had made no factual allegations regarding defendant Smith and because his contentions regarding an unequal lifting of a prison lock-down were unclear. He filed an amended complaint that the court ordered to be served.

    Defendants have moved to dismiss for failure to state a claim or for a more definite statement. They also ask that discovery be stayed pending a ruling on their motion. Plaintiff has not opposed the motion.

    As defendants correctly point out, defendant Bell is not mentioned in the amended complaint, although his role in the purported discrimination was described in the original complaint. Because the amended complaint completely replaces the original one, this means that plaintiff did not state a claim against Bell. As to substance, plaintiff's contention was that he was being discriminated against because of his African-American race in that prisoners housed in other units were allowed to have jobs and attention educational programs, whereas prisoners in his unit were not. He also admits elsewhere in the complaint, however, that his housing unit is not segregated by race. The consequence is that the facts he has pleaded refute his claim.

Defendants' motion for an extension of time to file a dispositive motion (document number 15 on the docket) is **GRANTED**. The motion is deemed timely. For the reasons out out above, the motion to dismiss (document number 23 on the docket) is **GRANTED**. The amended complaint is **DISMISSED** with leave to amend within thirty days of the date this order is entered. If no amendment is filed the case will be dismissed without further leave to amend. Defendants' motion for a stay of discovery (also in document 23) is **GRANTED**. Discovery is **STAYED** until further order of the court.

Plaintiff has moved for appointment of counsel. There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff has not pleaded facts that would show he has a claim against either defendant. It thus is clear that he will not succeed on the merits on the facts presently pleaded. And although his pleadings so far have not been sufficient, all he need do to state a claim is provide facts – not legal arguments – that would show he has a claim. It appears he has the ability to do that, if in fact his rights have been violated. The motion for appointment of counsel (document number 18 on the docket) is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 21, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.09\BROOKS0775.DISCOVERY.wpd

2